UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HELEN CATANIA,<br><br>  Plaintiff,<br><br>  v.<br><br>GEICO GENERAL INSURANCE CO.,<br><br>  Defendant. | Case No. 2:13-cv-01384-MMD-GWF<br><br>ORDER<br><br>(Def.'s Response to<br>Order to Show Cause – dkt. no. 8) |

## I.   INTRODUCTION

This case comes before the Court through Defendant Geico General Insurance Company's Notice of Removal. (Dkt. no. 1.) Plaintiff Helen Catania filed her Amended Complaint in the Eighth Judicial District Court in Clark County, Nevada, and served Defendant on July 8, 2013. (Dkt. no. 7 at 1.) Plaintiff alleges that Defendant, her automobile insurance provider, failed to properly and fairly compensate her following an automobile accident between her and James Kelch, Jr.  She brings claims for breach of contract, violation of the Unfair Claims Practices Act, and breach of the Covenant of Good Faith and Fair Dealing.

Defendant removed the action on the basis of 28 U.S.C. § 1332.  After a review of the petition, the Court ordered Defendant to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. no. 6.) On August 23, 2013, Defendant timely filed its response to the Court's Order. (Dkt. no. 8.)  Having reviewed Defendant's Response, the Court orders that the case be remanded to state court.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court

may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

### III.  DISCUSSION

Defendant claims that the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendant's arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

Defendant represents that Plaintiff has requested approximately $20,000 in past medical expenses. (Dkt. no. 8 at 3.) In order to reach the $75,000 amount in controversy requirement, therefore, Defendant must show that consequential damages, general damages, punitive damages, and attorneys' fees will total more than $55,000. Defendant makes two arguments to reach this threshold. First, Defendant argues that large punitive damage awards have been given in Nevada, some more than eight or nine times the actual damages, and could be granted in this case. (Dkt. no. 8 at 4.) Defendant does not reference any facts in this case that could establish support for such a high punitive damage award, however. In fact, the case Defendant cites in support of its punitive damages argument, *Flores v. Standard Ins. Co.*, 2010 U.S. Dist. LEXIS 7654 (D. Nev. Jan. 14, 2010), involved this Court finding the amount in controversy requirement satisfied when nearly $50,000 in actual damages were undisputed, compared to the $20,000 here. Second, Defendant argues that if Plaintiff establishes Defendant acted in bad faith, she could recover attorneys' fees. Defendant gives no indication of what those fees might be in this case, however, and simply states that fees in aggregation with damages could surpass $75.000. (Dkt. no. 8 at 4.)

///

1    Defendant must overcome a "strong presumption" against removal jurisdiction.
2  *See Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to
3  evaluate whether Defendant has met its burden, and must do so as part of its continual
4  duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell &*
5  *Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court
6  holds that it does not have jurisdiction to hear these claims.

**IV.    CONCLUSION**

It is therefore ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 4th day of October 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE